# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1: 18-CV-24931-GAYLES

KATIUSKA VELEZ, individually, and as
parent and guardian for BRANDON VELEZ,

    Plaintiff,

v.

CORAL GATE WEST CONDOMINIUM
ASSOCIATION, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint. [ECF No. 9]. The Court has reviewed the Motion, the record, and applicable law and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

## BACKGROUND

In this action, Katiuska Velez ("Plaintiff"), individually and as parent and guardian for Brandon Velez ("Brandon"), alleges that Coral Gate West Condominium Association, Inc. ("Defendant") evicted her and her son because of his disability and failed to make reasonable accommodations for his disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f).

**I.    Allegations in the Complaint**

On July 20, 2014, Plaintiff and Brandon moved into a rental apartment at Coral Gate West Condominium. [ECF No. 1 at ¶ 8]. Brandon is a 23-year-old man with an intellectual disability, autism, and bi-polar disorder and is therefore considered "handicapped" under 42 U.S.C. §

3602(h). *Id*. at ¶ 4. When Plaintiff first moved into the apartment, she asked for an accommodation in the form of a parking space for her mother who would come to watch Brandon while Plaintiff was at work. *Id*. at ¶ 9. Throughout their tenancy, Defendant's property manager informed Plaintiff that Brandon was not allowed in the hallways or permitted to stand by the elevators because "people thought that Brandon looked weird and that he may scare people." *Id.* at ¶ 16. Defendant's property manager required that Plaintiff install locks in their apartment to prevent Brandon from wandering the halls. *Id.* at ¶ 10. Plaintiff complied and installed a padlock on the interior of the door. *Id.*

Between July 2015 and July 2016, Brandon had three behavioral incidents because of his disability. [ECF No. 1 at ¶ 11]. In the first, Brandon was by the pool playing with a relative and detached a water fountain from the wall. *Id*. at ¶ 12. In the second, Brandon entered the unlocked apartment of another resident, mistaking this resident for a friend. *Id.* at ¶ 13. In the third, while he was off of his medications, Brandon punched a window in the laundry room. *Id.* at ¶ 14. Despite these incidences, Defendant renewed her lease in July 2016. *Id.* at ¶ 15.

On December 19, 2016, a security camera recorded Brandon locking himself in the public laundry room and masturbating in front of a washing machine. *Id.* at ¶ 17. The following day, Defendant issued a formal notice to vacate the unit. Plaintiff pleaded that she and Brandon were good tenants and explained how difficult it would be for her and Brandon to relocate in such little time. [ECF No. 1 at ¶ 25].

On December 28, 2016, Brandon's disability support coordinator with the Florida Agency for Persons with Disabilities, Sujay Rodriguez ("Mr. Rodriguez"), went to Coral Gate as a representative of both Brandon and the Florida Department of Children and Families ("DCF") to request a reasonable accommodation due to Brandon's disabilities. *Id*. at ¶ 31. Mr. Rodriguez

informed Defendant's property manager that they were working on getting Brandon therapy to correct his behavior. *Id*. In response, Defendant's property manager denied that Brandon's behavior in the laundry room had anything to do with his disabilities and stated that she was "scared he would rape or molest someone in the complex." *Id.*

On December 30, 2016, ten days after the incident in the laundry room, Defendant issued a formal notice evicting Plaintiff and Brandon because Brandon "took apart a piece of one of the washing machines . . . and practiced inappropriate behavior while in the laundry room." *Id*. at ¶ 33. Plaintiff alleges that she was forced to move into a more expensive apartment and ultimately had to place Brandon in a group home.

## II. Procedural Background

On November 27, 2018, Plaintiff filed a Complaint ("the Complaint") against Defendant setting forth claims under the FHA for (1) Disparate Treatment—Denying or Making a Dwelling Unavailable in Violation of 42 U.S.C. § 3604(f)(1) and (2) Failure to Reasonably Accommodate in Violation of 42 U.S.C. § 3604(f)(3). [ECF No. 1]. Defendant has moved to dismiss, arguing that Plaintiff fails to state a claim because there was no discriminatory animus involved in the decision to evict Plaintiff and because Brandon's behavior was a direct threat to other residents. [ECF No.9 at ¶ 4].

## ANALYSIS

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Pleadings must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## II. Fair Housing Act

Plaintiff's Complaint alleges violations of the FHA which bars, among other things, housing discrimination based on one's disability or affiliation with one who has a disability. *See* 42 U.S.C. § 3604(f). Section 1 of the FHA makes it unlawful to discriminate in the sale or rental of a dwelling because of a handicap. *See* 42 U.S.C. § 3604(f)(1). Section 3 makes it unlawful to refuse "to make reasonable accommodations in rules, policies, or practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B). Here, Plaintiff claims Defendant violated §§ 3604(f)(1) by evicting her and Brandon because of his disability and § 3604(f)(3)(B) by failing to make reasonable accommodations for Brandon's disability.

*A. Disparate Treatment*

To state a claim under § 3604(f)(1), a plaintiff need only "allege that an adverse action was taken *because* of a disability and state the facts on which the plaintiff relies to support that claim." *Hunt v. Amico Properties*, 814 F.3d 1213, 1222 (11th Cir. 2016); *see also Powell v. Morgan*

4

*Property Solutions, Inc.*, No. 6:18-cv-624-Orl-41KRS, 2018 WL 5018032, at *5 (M.D. Fla. Aug. 27, 2018) (holding that plaintiff need only allege facts from which the Court can plausibly infer that the defendant denied her rental application because she was associated with a disabled person). Plaintiff alleges that Defendant evicted her because of Brandon's disability. To show Defendant's discriminatory animus, Plaintiff refers to the incident on December 19, 2016, the property manager's negative comments about Brandon's disability, and actions taken by Defendant's property manager—including asking Plaintiff to install locks on the interior of the apartment. *See* [ECF No.1 at ¶¶ 10, 16, 20]. Based on these allegations, the Court finds that the Complaint sufficiently alleges that Defendant evicted Plaintiff because of Brandon's disability.

   B. *Reasonable Accommodation*

To state a reasonable accommodation claim under § 3604(f)(3), a plaintiff must request an accommodation and be refused that accommodation. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008). Whether a reasonable request was made does not rest on "formalisms about the manner of the request," but whether a defendant can be said to know of both the disability and the desire for an accommodation. *Hunt,* 814 F.3d at 1226 (*citing Taylor v. Phoenixville Sch. Dist.,*184 F.3d 296, 313 (3d Cir.1999)).

The Complaint alleges that Mr. Rodriguez, as a representative of both Brandon and DCF, requested that Defendant's property manager allow Brandon to work with his therapist in order to correct the behaviors that contributed to the incident on December 19, 2016. [ECF No. 1 at ¶ 31]. The Complaint also alleges that the property manager knew of Brandon's disability and that the requested accommodation would have been instrumental to Plaintiff being able to stay in the dwelling. As a result, the Court finds that Plaintiff has sufficiently pled a reasonable accommodation claim under the FHA. *See U.S. v. Hialeah Housing Authority*, 418 F. App'x 872,

876 (11th Cir. 2011) (holding that Defendant "must have enough information to know of both the disability and desire for an accommodation") (*citing Colwell v. Rite Aid Corp.,* 602 F.3d 495, 506 (3d Cir. 2010)).

**III.     Direct Threat Exception**

The FHA carves out an exception for those who pose a "direct threat to the health or safety" of others. *See* 42 U.S.C. § 3604(f)(9). The statute provides: "[n]othing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others." *Id.*

The "direct threat" exception is an affirmative defense for circumstances in which it may be legitimate to protect other residents. *Hunt,* 814 F.3d at 1225. In *Hunt*, the Eleventh Circuit noted that "the direct threat exception described in section 3604(f)(9) is an affirmative defense and thus does not aid [the defendant] at the motion to dismiss stage." *Id*. *See also Friedel v. Park Place Cmty. LLC*, No. 2:17-CV-14056, 2017 WL 3666440, at *3 (S.D. Fla. Aug. 24, 2017) (denying motion for summary judgment because determination of "a direct threat" to other residents is a question for a jury).

Defendant argues that the direct threat exception appears on the face of the Complaint, and that, therefore, both counts can be dismissed at this stage of the litigation. [ECF No. 9 at 4]. In support, Defendant cites to *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), which held "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Bingham*, 654 F.3d at 1175. *Bingham*, however, is inapposite as it dealt with exhaustion of administrative remedies prior to bringing a claim under the Prison Litigation

Reform Act. Therefore, at this stage of the litigation, the Court cannot determine whether Brandon was a "direct threat" to other residents, and the Motion to Dismiss must be denied.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF NO. 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of June, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE